SCOTT B. APPLEBY, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25046.   Promulgated December 26, 1929.

*Arthur N. Presmont, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, and *C. A. Ray, Esq.*, for the respondent.

568

SMITH: The issues before us are (1) the deductibility of commissions paid to branch managers; and (2) the method to be employed in computing taxable net income. With respect to the first issue a great deal of testimony was introduced at the hearing to show that the manager of each branch office was paid a commission upon the net amount of money the petitioner withdrew from that branch office

during the year; that the percentages paid to the managers of each of nine offices were 5 per cent, to one office 10 per cent, and to another office 20 per cent; that the records kept by the petitioner in the home office, which were introduced in evidence, reflected the withdrawals during the year, and that the managers were paid commissions.

A certified public accountant, appearing as a witness on behalf of the petitioner, testified as to withdrawals made by the petitioner from each of the branch offices. The petitioner testified that no commission was paid upon a withdrawal which represented the return of additional capital temporarily furnished by him to a branch office and that, therefore, the testimony of the accountant might be inaccurate as to the amount of withdrawals. However, an examination of the records which were introduced in evidence, coupled with the uncontradicted testimony of the petitioner relative to the payment of the commissions, convinces us that the petitioner is entitled to deductions for the years 1922 and 1923 on account of commissions paid to branch managers amounting to $3,373.64 and $4,385.25, respectively.

With respect to the second issue we are confronted with a record which, to say the least, is very perplexing and confusing. The petitioner himself testified that he did not know what his income was from interest paid in cash. That the records of the branch offices kept by the petitioner, which were introduced in evidence, are susceptible of almost any interpretation is witnessed by the fact that the record in this proceeding presents for our consideration four possible methods of computing the income of the petitioner's business, with no guarantee that any of those methods or any other method would properly differentiate between items of principal and interest.

In his return the petitioner considered as income only the amount of cash which he was able to withdraw from the branch offices. The Commissioner has taken the totals of the interest received columns as shown by the records of the petitioner and has deducted therefrom expense items, depreciation, and bad debts. The petitioner claims, and the evidence shows, that the interest received columns in the petitioner's records can not definitely be said to reflect either interest, principal, or a combination of interest and principal. For this reason petitioner claims that his net income can not be arrived at by the method employed by the respondent. On the other hand, the respondent claims that any error on account of uncollected interest represented by a portion of notes for both principal and interest is taken care of by an allowance for bad debts, which it is noted he has allowed in the sum of $40,585.53 on a gross business of $179,052.07 for the year 1922, the corresponding figures for the year 1923 being $40,521.43 and $198,334.48, respectively.

The third method presented for our consideration was that advanced by the petitioner, who now claims that his income consisted of cash withdrawn from the business, plus excess of cash at the end of the year over cash at the beginning of the year minus amounts sent to the branch offices from the home office. This method suggests an alternative method, namely, to consider as income withdrawals during the year plus the difference between the opening and closing cash. With respect to the method now claimed by the petitioner as being the correct one, it should be pointed out that such method does not take care of nor reflect interest received in cash during the year which is put back in the business by the branch manager. To illustrate, the difference between opening and closing cash on hand for any office for any year might be $100, whereas had the balance been struck the day previously it might have been $1,000, or any other amount.

With respect to the books in their entirety the evidence presented on behalf of the petitioner is uncontradicted to the effect that it is impossible to analyze his records so as to disclose the actual cash interest received by him. Furthermore, the petitioner testified that he did not know what his income was for either of the years in question. Since the petitioner has failed to show affirmatively either the amount of his net income for the years in question or the incorrectness of the respondent's computation of such income, the computation of the respondent will not be disturbed, except in so far as it may be modified (1) by reason of the corrections to the figures employed in that computation which were agreed to at the hearing and which are set out in the findings of fact, and (2) by the deductions on account of commissions paid to branch managers which have been allowed.

*Judgment will be entered under Rule 50.*